HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

VICTOR M. GONZALEZ VAZQUEZ,

    Defendant.

CASE NO. CR10-00324 RAJ

ORDER

This matter comes before the Court on Defendant Victor M. Gonzalez Vazquez's ("Defendant") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Dkt. # 127. For the following reasons, the Court **GRANTS IN PART** Defendant's Motion.

**I. BACKGROUND**

On April 13, 2011, Defendant was found guilty by a jury of possession with intent to distribute methamphetamine and sentenced to 144 months imprisonment. Dkt. ## 83, 84, 90. On July 8, 2011, Defendant was sentenced to 144 months imprisonment. Dkt. # 89. At the sentencing hearing, the Court adjusted Defendant's base offense level was 36 (upwardly adjusted two levels due to a finding of perjury) with a criminal history level of

ORDER- 1

II. Dkt. # 98. The applicable guideline calculation suggested a sentencing range of 210-262 months of imprisonment. *Id*. The Court imposed a sentence below the applicable sentencing range based on 18 U.S.C. § 3553(a) factors. Dkt. ## 89, 98 at 13-16.

Defendant appealed his conviction and sentence, and the Ninth Circuit affirmed Defendant's conviction but vacated the sentence and remanded for resentencing. Dkt. # 106. On November 8, 2013, the Court again imposed a sentence of 144 months. Dkt. ## 118, 123. The Court then found that Defendant again had a base offense level of 34, after a two-level upward adjustment for obstruction of justice, and a two-level reduction for safety valve, resulting in a criminal history category of I and a range of 151-188 months. Dkt. # 123 at 20-25. During these proceedings, Defendant presented his drug addiction as one of several mitigating circumstances. *Id*. At the time, the Court, considering the entire record before it, determined that reimposing the below-guidelines 144 month sentence was reasonable, sufficient, but no more than necessary to carry out the objectives of the sentence. *Id*. at 24.

Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. # 127. Defendant contends that he is entitled to a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines ("USSG"), based in large part on his previous drug addiction and positive post-sentencing behavior. The Government agrees that Defendant is eligible for a reduction, but opposes any such reduction. Dkt. # 130. Defendant has not filed a reply to the Government's response.

**II. DISCUSSION**

As an initial matter, the Court must determine whether Defendant is eligible for a sentence reduction. On April 30, 2014, the Sentencing Commission promulgated Amendment 782, revising the Drug Quantity Table and chemical quality tables, which amended the guideline ranges for crimes involving narcotics. On July 18, 2014, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously sentenced prisoners, and the amendment became effective on November 1,

2014. Thus, under 18 U.S.C. § 3582(c)(2), previously sentenced prisoners may move to modify their sentences on the basis of the amendment. 18 U.S.C. § 3582(c)(2) allows for a defendant to move to reduce a term of imprisonment when that term is based on a sentencing range that has been subsequently lowered by the Sentencing Commission.

For a defendant to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions are necessary: "(1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements." *United States v. Zapata*, No. CR07-0343-JLR, 2016 WL 7336159, at *1 (W.D. Wash. Feb. 8, 2016) (citing *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam)); *see also Dillon v. United States*, 560 U.S. 817 (2010). The Court lacks jurisdiction to reduce a defendant's sentence if either of these conditions are not met. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

Here, both parties agree that Mr. Gonzalez Vazquez is eligible for a retroactive sentencing reduction, and that the Court has discretion to lower Mr. Gonzalez Vazquez's sentence from 144 months to 121 months. Dkt. ## 127 at 2; 130 at 4-7. Defendant's current sentence is based on a drug quantity of 420.7 grams of methamphetamine. Under Amendment 782, the base offense level corresponding to that drug quantity was reduced by 2 levels from 34 to 32. Consequently, Mr. Vazquez's adjusted offense level, which is currently 34, is reduced by two levels to 32. Mr. Vazquez's criminal history category is I. Previously, Defendant's sentencing range was 151-188 months; the new sentencing, based on Defendant's reduced offense level and criminal history category, is 121-151 months. The Court accordingly has discretion to reduce Defendant's sentence to 121 months, but no lower. USSG § 1B1.10(b)(2)(A); *United States v. Davis*, 739 F. 3d 1222, 1224 (9th Cir. 2014).

Turning to the next step, Application note 1(B) to USSG § 1B1.10 directs that

subject to the limits set forth in USSG § 1B1.10(b), the Court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce Defendant's sentence. In particular, Application note 1(B)(ii) directs that the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment."

In reviewing the record before it, the Court commends Defendant's efforts to further his education and to take steps toward rehabilitation. The Court notes that Defendant has successfully completed his GED and has kept a clean disciplinary record for multiple years. Dkt. # 127-1 at 10-17. Defendant has also apparently rebuffed some attempts by other inmates to rejoin the drug trade while in prison, and cooperated with prison officials. Dkt. # 127-1 at 11. Previously, this Court noted that Defendant's lack of gainful employment indicated that he had very little meaningful work experience outside of dealing drugs. Dkt. # 98 at 13; Dkt. # 123 at 22. These recent efforts suggest that Defendant is taking small, but potentially meaningful, steps to extricate himself from the drug trade. The Court believes these efforts may in turn deserve a small reduction in Defendant's sentence.

However, the Court declines to grant Defendant's requested reduction in full. Defendant committed a very serious crime, and Defendant's Motion primarily relies on the same addiction and background-based arguments that the Court has already seen. The Court had already considered Defendant's addiction and family situation in previous sentencings and sees no need to revisit those findings. Dkt. # 98 at 13-15. The Court reaffirms its prior determination that Defendant turned his back on a relatively favorable family situation and had a level of involvement in the drug trade that extended far beyond mere use. The Court still believe that his previous actions endangered himself, his

family, and the public.

The Court twice imposed a 144 month sentence that it believed, based on the record before it, would promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public. Although Defendant presents some new evidence of post-sentencing conduct, this new evidence largely does not change the reasons the Court previously gave for the appropriateness of the 144 month sentence. Moreover, as the Government notes, the 144 month sentence is well within the new sentencing range of 121-151 months. Dkt. # 13 at 13. Despite the recent evidence of good behavior, the record still indicates that despite his drug addiction, Defendant was deeply involved in the trade of a highly dangerous and destructive narcotic.

After reviewing and considering Defendant's crime, the original sentences, the factors under § 3553(a), public safety considerations, and Defendant's post-sentencing conduct, the Court reduces Defendant's sentence from 144 months to 140 months. In doing so, the Court takes into account the positive steps Defendant has taken and his disciplinary record since he has been in custody, but ultimately is mindful of the seriousness of the crime and Defendant's previously heavy involvement in the drug trade.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant's sentence is reduced from 144 months to 140 months.

Dated this 6th day of July, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge